**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF OHIO**
**EASTERN DIVISION**

| | |
|---|---|
| ANTHONY NOVAK<br>1815 Wexford Avenue<br>Parma, Ohio 44134 | CASE NO: _____ |
| Plaintiff, | JUDGE: _____ |
| v. | |
| THE CITY OF PARMA<br>6611 Ridge Road<br>Parma, Ohio 44129 | **COMPLAINT** |
| And | **JURY TRIAL DEMANDED UNDER**<br>**FRCP 38(b)** |
| TIMOTHY DOBECK<br>KEVIN RILEY<br>THOMAS CONNOR<br>JOHN DOES #1-4<br>c/o Parma Police Department<br>5555 Powers Blvd.<br>Parma, Ohio 44129<br>Individually and in Their Official Capacities<br>as Employees of the City of Parma, Ohio | |
| Defendants. | |

Now comes Plaintiff, Anthony Novak (hereinafter referred to as "Mr. Novak"), by and

through counsel, and for his Complaint states as follows:

**INTRODUCTION**

Posting written content and speech on the internet, in particular on Facebook, is activity

that is protected by the First Amendment to the United States Constitution and the Ohio

Constitution.  It is not a crime.  City of Parma Police Officers, due to serious deficits in training, supervision, and discipline, have punished a civilian who posted internet speech and content to which the individual Defendants, unlawfully and without privilege to do so, deemed objectionable and offensive.  After Mr. Novak exercised his constitutionally protected rights, the City of Parma and its officers and employees, due to their deliberate indifference and the unlawful actions of the individually named Defendants, arrested, handcuffed, and prosecuted Mr. Novak for the content of his internet posts and speech, without any probable cause to do so.  This civil rights action seeks declaratory relief and damages.

## I.  PARTIES

1.       This is a civil rights lawsuit brought to vindicate Mr. Novak's rights protected by the First, Fourth, and Fourteenth Amendments to the United States Constitution and Article I, Sections 11 and 14 of the Ohio Constitution.  Mr. Novak brings his action pursuant to 42 U.S.C. §§ 1983 and 1988, 28 U.S.C. § 2201 et seq., and the laws and Constitution of the State of Ohio. Mr. Novak seeks declaratory relief and monetary damages, including punitive damages.

2.       On or about March 1, 2016 through March 2, 2016, Mr. Novak created a Facebook page wherein he made several postings which could only be deemed by a reasonable person to constitute protected satire and/or parody.  Mr. Novak used images from the City of Parma's Facebook page in the creation of his page and also included distinct differences between the two pages.  Displeased and angered with the content of Mr. Novak's posts, Defendants began an extensive, malicious, harassing and unlawful plan to shut down the account and to identify and punish its creator in violation of his constitutional rights.  As part of Defendants' plan, City of Parma Police Officers detained, arrested, and attempted to interrogate Mr. Novak.  As part of this plan, Defendants, in concert with one another, searched his residence, seizing his personal property

– including two (2) video game consoles, reviewing his personal information on his electronic devices, all purportedly for the crime of disrupting public services.[1]

## II.    JURISDICTION AND VENUE

3.       This Court has subject matter jurisdiction over this civil rights action under 28 U.S.C. §§ 1331 and 1343.  This Court also has jurisdiction under 28 U.S.C. §§ 2201 and 2202 to declare the rights of the parties and to grant all further relief found necessary and proper.

4.       Venue is proper in this judicial district pursuant to 28 U.S.C. § 1391(a) in that Defendants are subject to personal jurisdiction within the Northern District of Ohio, Eastern Division Federal Court and the events that give rise to this action occurred within the Northern District of Ohio, Eastern Division Federal Court.

## III.    THE PARTIES

5.       Mr. Novak was a resident of Cuyahoga County, Ohio during all times relevant to this action.  He brings this action on his own behalf for damages resulting from the violation of rights secured by the United States Constitution and the Ohio Constitution.

6.       Defendant City of Parma is a unit of local government organized under the laws of the State of Ohio.  Defendant City of Parma is also a "person" under 42 U.S.C. § 1983 and at all times relevant hereto acted under color of law.

7.       Defendant Timothy Dobeck (hereinafter referred to as "Dobeck") was at all times relevant hereto an employee of the City of Parma, Ohio Law Department.  Defendant Dobeck is sued in his individual and official capacities.  Defendant is a "person" under 42 U.S.C. § 1983 and at all times relevant hereto acted under color of law.

---

[1] To this day, none of Mr. Novak's improperly seized property has been returned to him.

8.    Defendant Kevin Riley (hereinafter referred to as "Riley") was at all times relevant hereto an employee of the City of Parma, Ohio Police Department.  Defendant Riley is sued in his individual and official capacities.  Defendant is a "person" under 42 U.S.C. § 1983 and at all times relevant hereto acted under color of law.

9.    Defendant Thomas Connor (hereinafter referred to as "Connor") was at all times relevant hereto an employee of the City of Parma, Ohio Police Department.  Defendant Connor is sued in his individual and official capacities.  Defendant is a "person" under 42 U.S.C. § 1983 and at all times relevant hereto acted under color of law.

## IV.  THE FACTS

### A.    Ohio's Disrupting Public Services Statute

10.    Ohio's disrupting public services statute, R.C. § 2909.04(B), prohibits any person from knowingly using a computer and/or the internet to disrupt, interrupt, or impair the functions of police operations.

11.    Ohio Revised Code § 2909.04(B)'s actual language states:

(B) No person shall knowingly use any computer, computer system, computer network, telecommunications device, or other electronic device or system or the internet so as to disrupt, interrupt, or impair the functions of any police, fire, educational, commercial, or governmental operations.

12.    Whoever is deemed to have violated subsection (B) of the statute is guilty of a Fourth Degree Felony and faces up to eighteen (18) months of prison time.

13.    The statute unconstitutionally criminalizes the use of a computer and/or the internet when civilians post written material or speech that the police find offensive and/or derogatory. The statute enables the police to use unfettered discretion to chill free speech.

4

**B.** **Mr. Novak's Facebook Page**

14.      On or about March 1, 2016, Mr. Novak created a Facebook page which was a satire and/or parody of the City of Parma Facebook page.  Mr. Novak made six (6) comedic postings which, in unedited form, are as follows:

1.    Tuesday will be our official stay inside and catch up with the family day in Parma! The Parma Police Department has set this day to allow families to come together in an effort to reduce future crime by having children have well balanced communication with their families.  Anyone's seen outside their home from the hours of 12pm to 9pm will be arrested.  Thank you.

2.    The City of Parma Police Department will enact a Pedophile Reform event outside of St. Anthony of Padua Church on 5-1-16 in an attempt to reform pedophiles to normality.  We will have multiple learning stations including a "No means no" station filled with puzzles and quizzes.  Anyone who passes all of the stations will be removed from the sex offender registry and accepted as an honorary police officer of the Parma Police Department.  Have fun out there!

3.    The Parma Police Department & Parma Auxiliary Police Food Drive to benefit teen abortions will take place on Sunday, We will be giving out free abortions to teens using an experimental technique discovered by the Parma Police Department.  All teens must bring a note from their parent to be part of the experiment.  The abortions will be held Saturday 4/19/2016 from noon to 4pm in a police van in the parking lot at Giant Eagle (7400 Broadview Rd.).

4.    We have forgotten to post that on September 30, 2015 at approximately 10:00 am the Parma Subway Sandwich Shop located at 5890 Broadview Rd. was robbed at knife point.  The white male offender got away with a small amount of money and did not harm the clerk.  Moments after an unrelated African American woman was seen loitering for over 20 minutes in front of the store despite their no loitering policy.  If you have any information regarding this African American womans whereabouts please contact the City of Parma Police Department so that she may be brought to justice.  This is the best still photo we have of the offender.  Mentor Police and Middleburg Hts. Police have reported similar loitering offenses which may be the same female.  The Parma Police Department is seeking assistance identifying the individual in the picture.  Please contact Det. Joe Tremble.

5.    POLICE OFFICER City of Parma The Parma Civil Service Commission will conduct a written exam for basic Police Officer for the City of Parma to establish an eligibility list.  The exam will be held on March 12, 2016.  Applications are available February 14, 2016 through March 2, 2016.  Parma is an equal opportunity employer but is strongly encouraging minorities to not apply.  The test will consist of a 15 question multiple choice definition test followed by a hearing test.  Should

5

you pass you will be accepted as an officer of the Parma Police Department.  By order of Parma Civil Service Commission John L. Kirk, Jr., Chairman Timmy Baycock Dan Coffee An Equal Opportunity Employer.

6.    Due to the slow increase of a homeless population in our city, The Parma Police Department is pleased to announce that it will be introducing a new temporary law that will forbid residence of Parma from giving ANY HOMELESS person food, money, or shelter in our city for 90 days.  This is an attempt to have the homeless population eventually leave our city due to starvation.  Residents caught giving the homeless population food, shelter, or water will be sentenced to a minimum of 60 days in jail.  You have been warned.

15.    Mr. Novak's Facebook page was a parody and/or satiric form of expression protected by the First Amendment of the United States Constitution and Article I, Section 11 of the Ohio Constitution.  The Facebook page was not reasonably believable as conveying the voice or messages of the City of Parma Police Department.  Mr. Novak had no intention of deceiving people into believing that the account was actually operated by a representative of the police department, and no reasonable person could conclude such an intent from the content of the page.

**C.    The City of Parma's Unlawful Investigation and Mr. Novak's Arrest**

16.    On March 2, 2016, Riley, Connor, and Dobeck began working jointly and individually to have the Facebook account shut down and to punish the creator of the account because the Defendants objected to the lawful, protected content of the postings and because Riley and Connor were personally offended by the posts.

17.    On March 2, 2016, Riley advised Connor that a Facebook page purporting to be the City of Parma Police Department Facebook page existed and directed Connor to begin an investigation into who was behind the page.  Connor began his investigation by searching for the actual police department Facebook page along with Mr. Novak's page.  Based upon nothing more than a cursory review of the content of Mr. Novak's postings, Connor sent a preservation letter to

Facebook for Facebook to preserve in its entirety Mr. Novak's page and for the account to be taken down and suspended immediately.

18.     Based upon nothing more than a haphazard review of the content of Mr. Novak's page and postings, Connor obtained a subpoena for the IP address of the person who created the protected and lawful Facebook page.  Next, Connor contacted the Ohio Internet Crimes Against Children's Task Force, which routinely deals with child pornography, to request a direct contact telephone number for Facebook.  Unable to locate a telephone number, Connor obtained an email address for a Facebook representative.  Armed with nothing more than a superficial review of Mr. Novak's content on the page, and with no other evidence of a purported crime being committed, Connor emailed the Facebook representative and again demanded that Mr. Novak's account be suspended and/or removed immediately.

19.     After Connor decided that he could infringe upon Mr. Novak's First Amendment rights, he then proceeded to conduct a more in depth review of Mr. Novak's Facebook page and the content therein.  Connor specifically noted in his investigative report that civilians posting comments under Mr. Novak's postings appeared to be appalled by the writings.  Connor specifically memorialized in his report that many of the commenters were using vulgarity towards the Parma Police Department.

20.     Shortly thereafter, Parma Detective Heinz informed Connor that he located the person who first shared the parody Parma Police Department Facebook page and that the person was Mr. Novak.

21.     On March 3, 2016, the Facebook representative emailed Connor to let Connor know that his team was working on Connor's demands.  Connor also found that the Facebook page had

been removed. Connor then sent a second preservation letter to Facebook demanding that it preserve Mr. Novak's account in its entirety.

22.     On this date, Riley and Connor sent out a press release to dozens of media outlets that there was a fake Parma Police Department Facebook page and that none of the content was posted by or with the permission of the Parma Police Department. After seeing the story on the local news, Mr. Novak deleted his Facebook page.

23.     Connor then spoke with Dobeck who told Connor that the crime Mr. Novak committed was Disrupting Public Service, a felony of the fourth degree – all for engaging in constitutionally protected expressive behavior by creating a parody Facebook page of the City of Parma Police Department. In his investigative report, neither Connor nor Dobeck had any supportive evidence or facts that any of the functions of the Parma Police Department had been disrupted or that Mr. Novak intended his Facebook page to in fact disrupt any function of the Parma Police Department. The individual Defendants had absolutely no probable cause that Mr. Novak committed any crime at all.

24.     Armed with nothing more than the Defendants' displeasure at the content of Mr. Novak's Facebook page, Connor, under the direction and supervision of Dobeck and Riley, drafted and applied for a search warrant to be sent to Facebook. Connor, and any of the other individual Defendants, did not have probable cause or any other lawful basis to apply for a warrant. A judge of the Parma Municipal Court approved the warrant.

25.     Attached to the search warrant was Connor's Affidavit wherein he placed all of his perceived known, relevant, and material facts supporting probable cause that Mr. Novak committed a crime. After having previously determined that Mr. Novak committed the crime of Disrupting Public Services, Connor failed to mention any function or service that Mr. Novak

purportedly disrupted.  The only facts to which Connor cites are the Facebook page itself and the page's content.

26.    On March 18, 2016, Connor received 2,796 pages of information from Facebook. On this date, Connor confirmed that Mr. Novak created the parody Facebook page of the Parma Police Department and proceeded to speak with Dobeck and Riley.  Together, Defendants conspired again to trample upon Mr. Novak's protected Constitutional rights and charged Mr. Novak, through the issuance of a criminal complaint, with one (1) count of violating R.C. § 2909.094(B).  Connor, under the direction and supervision of Dobeck and Connor, also obtained an arrest warrant to effectuate the arrest of Mr. Novak.

27.    On March 25, 2016, Mr. Novak was coming out of a store when he was approached by multiple Parma Police Officers.  Mr. Novak initially thought the officers were there for somebody else and attempted to walk around them.  At this time, the officers told Mr. Novak to put his hands behind his back and that he was under arrest.  Mr. Novak asked why he was being arrested and the arresting officer told him because of his Facebook page.  Upon arriving back at the Parma Police Station, Connor attempted to interrogate Mr. Novak; however, Mr. Novak demanded to speak to a lawyer.

28.    Because of the unlawful investigation and arrest, Mr. Novak spent the next four (4) days in jail, three (3) of which were spent in the Cuyahoga County jail in the general population. Also in the general population were persons charged with murder, rape, and other violent crimes.

29.    On this date, Connor applied for a second search warrant to search Mr. Novak's residence to uncover evidence of the crime Mr. Novak purportedly committed.  Connor and any other individual Defendant did not have probable cause or any other lawful basis to apply for a warrant.  A judge of the Parma Municipal Court approved the warrant.

30.     In Connor's supporting affidavit to this search warrant application, after Mr. Novak's arrest, Connor stated that the Parma Police Department received several telephone calls about the parody Facebook page.   Mr. Connor also stated, to support his probable cause determination, that numerous people unrelated to Mr. Novak were making comments on the page like, "Fuck the Parma Police."  After securing the search warrant, Connor, along with numerous other Parma Police officers, raided Mr. Novak's residence.

31.     On this date, Mr. Novak's roommate was home at the time Defendants executed the search warrant.  Mr. Novak's roommate was using the bathroom when Connor, Riley, and other police officers broke into Mr. Novak's residence, guns drawn, finding Mr. Novak's roommate on the toilet.

32.     Defendants unlawfully, and without probable cause, confiscated ten (10) items from Mr. Novak's residence.  The items taken by the police were: two (2) hard drives, one (1) laptop, two (2) cell phones, two (2) tablets, one (1) junior drive, (1) Sony Playstation 4, and (1) Xbox 360.

33.     On this same date, March 25, 2016, Riley issued a press release to the public, through dozens of media outlets, that the Parma Police Department arrested and charged Mr. Novak with Disrupting Public Services.  Riley's factual support linking Mr. Novak to this crime was that, "Novak posted derogatory and inflammatory information that purported to be from the Parma Police Department."   Riley's press release was entirely content based and mentioned nothing about any police function that Mr. Novak intentionally disrupted through the exercise of his constitutional rights.

34.     On March 28, 2016, Connor applied for a third search warrant to search all of the items taken from Mr. Novak's residence.  Connor and any other individual Defendant did not have

probable cause or any other lawful basis to apply for a warrant.  A Judge of the Parma Municipal Court approved the warrant and the individual Defendants began extensively searching Mr. Novak's personal property.

35.     On this date, Mr. Novak left the Cuyahoga County jail.

**D.     The Indictment and Criminal Case**

36.     On April 11, 2016, the State of Ohio indicted Mr. Novak on one (1) count of a violation of R.C. § 2909.04(B) – Disrupting Public Services.  On April 25, 2016 Mr. Novak pled not guilty to the charge and the pretrial process began.

37.     Pursuant to the trial court's policy, Mr. Novak was placed in the Cuyahoga County Court Supervised Release Program where, as a condition of his bond, Mr. Novak had to report weekly to a probation officer.  Had Mr. Novak chosen not to report, his bond would have been revoked and he would have been immediately remanded to the Cuyahoga County Jail.

38.     Throughout the pretrial process, Defendant maintained at all times his innocence and the fact that his actions, and speech, was absolutely protected by the First Amendment. Despite this, the Cuyahoga County Prosecutor's Office attempted to have Mr. Novak enter into a plea bargain whereby Mr. Novak would plead guilty to an unspecified misdemeanor.  Defendant refused this offer.

39.     Throughout the pretrial process, Mr. Novak attempted on numerous occasions to have R.C. § 2909.04(B) held unconstitutional and to have the case against him dismissed on that ground utilizing a First Amendment argument.  The trial court denied all of the aforementioned attempts.

40.     On August 10, 2016, Mr. Novak stood trial to answer to the State of Ohio's indictment.  On August 11, 2016, the jury returned a not guilty verdict for Mr. Novak terminating the unlawful criminal proceedings in his favor.

41.     Defendants Riley, Connor and Dobeck at all times acted without privilege, without probable cause, and without the consent of Mr. Novak.

42.     Defendants acted maliciously and in concert to injure Mr. Novak.  The actions of Defendants have resulted in actual damages to Mr. Novak.

### E.     Policy, Custom, and Culpable Conduct

43.     Defendant City of Parma's policies, practices, customs, and usages regarding adherence to clearly established First Amendment protections, unreasonable searches and seizures, and malicious prosecution are a moving force behind the actions of Defendants against Mr. Novak.

44.     Defendant City of Parma customarily allows officers to engage in violations of civilians' First Amendment rights, unreasonable searches and seizures, and malicious prosecution without being held accountable or disciplined for their misconduct.

45.     Defendant City of Parma failed to institute adequate municipal policies, procedures, customs, usages, practices and protocols regarding First Amendment violations, unreasonable searches and seizures, and malicious prosecutions.

46.     Defendant City of Parma failed to adequately institute and train supervisors and officers to hold each other accountable when First Amendment violations and unreasonable searches and seizures occur in the field.

47.     Defendant City of Parma failed to adequately train officers in the First Amendment and the Fourth Amendment.

48.     Defendant City of Parma has not disciplined any of the individual Defendants for their misconduct described in this Complaint despite a duty to do so.

49.     An investigation into the underlying facts and First Amendment protections of Mr. Novak was so incomplete and inadequate as to constitute a ratification by the City of Parma of Defendants' conduct.

50.     The training and supervision provided by Defendant City of Parma to the individual Defendants herein was deliberately indifferent to the safety and rights of the citizens, including Mr. Novak.

51.     The conduct of the City of Parma identified above constitutes a pattern and practice and again amounts to a moving force behind the constitutional violations inflicted upon Mr. Novak.

52.     As a direct and proximate result of the conduct of each Defendant, Mr. Novak suffered physical pain, emotional and psychological trauma.  Mr. Novak lives in daily fear of additional harassment and retaliation by City of Parma police officers.

53.     Because Defendants continue to maintain that the actions taken against Mr. Novak were lawful and proper, Mr. Novak remains in danger of being punished for exercising his rights to free speech and expression if he engages in the future in speech that is derogatory towards the Parma Police Department and its individual officers.

54.     As a direct and proximate result of the City of Parma's policies practices and customs, Mr. Novak suffered the following injuries and damages:

        a.      Violation of his rights under the First Amendment to the United States Constitution, as applied to the states by the Fourteenth Amendment, to be

free from criminal prosecution or retaliation for engaging in constitutionally protected expressive activity;

b.     Violation of his rights under the Fourth Amendment to the United States Constitution, as applied to the states by the Fourteenth Amendment, to be free from malicious prosecution and illegal search and seizure;

c.     Loss of his physical liberty;

d.     Monetary losses;

e.     Emotional trauma, humiliation, and distress.

## IV.     CAUSES OF ACTION

### Count I -- Declaratory Judgment That R.C. § 2909.04(B) is Unconstitutional

55.     Mr. Novak realleges and incorporates by reference herein each and every allegation and averment contained in each and every Paragraph above as if fully rewritten herein.

56.     Mr. Novak has standing to challenge the constitutionality of R.C. § 2909.04(B) for himself and for every other citizen in the State of Ohio on account of the wrongful arrest and prosecution of him for exercising his constitutional rights.

57.     Mr. Novak exercised his freedom of expression through speech on the internet and the Defendants conspired to wrongfully arrest and charge Mr. Novak for disrupting public services. The statute under which Defendants charged and indicted Mr. Novak is unconstitutionally overbroad because it provides the police unfettered discretion to wrongfully arrest and charge civilians in the State of Ohio with a crime for exercising their First Amendment rights.  This statute prohibits constitutionally protected speech.

58.     The statute also is not narrowly tailored to prohibit only that expression and/or speech that is not protected by the First Amendment, i.e., fighting words, incitement, obscenity, and/or true threats.

59.     The statute is also unconstitutional for vagueness.  The statute's language and terms are susceptible of multiple meanings and an ordinary and reasonable civilian would be unable to determine that conduct which is unlawful under the statute and that conduct which is permissible.

60.     For the foregoing reasons, Mr. Novak asks this Court to declare that R.C. § 2909.04(B) is unconstitutional on its face and as applied to Mr. Novak under both the United States Constitution and the Ohio Constitution.

**Count II -- First Amendment Retaliation**

61.     Mr. Novak realleges and incorporates by reference herein each and every allegation and averment contained in each and every Paragraph above as if fully rewritten herein.

62.     The posting of written content and speech on the internet, and the creation of satirical and/or parody Facebook pages is absolutely protected by the First Amendment to the United States Constitution.

63.     The Defendants' actions in investigating, charging, obtaining and effectuating search warrants, and arresting Mr. Novak, in the absence of probable cause that Mr. Novak had committed a crime, constituted unlawful retaliation against Mr. Novak by public officials for engaging in activity protected by the First Amendment to the United States Constitution.

64.     The actions of the Defendants described herein violate the rights of Mr. Novak to freedom of expression and freedom of speech as guaranteed by the First Amendment of the United States Constitution.

65.     Defendant City of Parma is responsible for the violations of Mr. Novak's constitutional rights because Defendants Riley, Connor, and Dobeck's actions resulted from the City of Parma's deliberate indifference to a custom, pattern, practice, or policy of allowing its officers and law director to investigate, charge, obtain search warrants, and arrest individuals for their protected conduct in the creation of internet content and/or satirical parody Facebook pages and/or a deliberately indifferent failure to train, supervise, and discipline officers and employees who engage in such conduct.

**Count III -- Unreasonable Search in Violation of the Fourth Amendment**

66.     Mr. Novak realleges and incorporates by reference herein each and every allegation and averment contained in each and every Paragraph above as if fully rewritten herein.

67.     The search of Mr. Novak's residence, cell phone, computers, tablets, hard drives, and video game systems was not and could not have been made for the purpose of investigating the purported crime of disrupting public services.  Instead, the sole purpose of the search was to harass and violate Mr. Novak's constitutional rights because Defendants took exception to the content and words Mr. Novak used on his Facebook page.

68.     The search of the aforementioned was made without probable cause and constituted a violation of Mr. Novak's rights to be free from unreasonable searches and seizures.

69.     Defendant City of Parma is responsible for the violations of Mr. Novak's constitutional rights because the individual Defendants' actions resulted from the City of Parma's deliberate indifference to a custom, pattern, practice, or policy of allowing its officers and employees to violate the First, Fourth and Fourteenth Amendments to the United States Constitution against individuals exercising their rights under the First Amendment by, among other

things, unlawfully confiscating and examining citizen's property and/or a deliberate indifferent failure to train, supervise, and discipline officers and employees who engage in such conduct.

### Count IV -- False Arrest and False Imprisonment

70.    Mr. Novak realleges and incorporates by reference herein each and every allegation and averment contained in each and every Paragraph above as if fully rewritten herein.

71.    Mr. Novak had a clearly established right under the Fourth and Fourteenth Amendments to the United States Constitution to be free from an unreasonable seizure of his person, a right that Defendants violated by engaging in conduct to effectuate Mr. Novak's arrest without probable cause or a reasonable belief that Mr. Novak was committing a crime.

72.    Upon information and belief, Defendants, acting in concert with one another, and directing and ordering the arrest of Defendant, did not act upon a validly issued arrest warrant and/or acted upon an arrest warrant that was utterly void.

73.    Defendant City of Parma is responsible for the violation of Mr. Novak's constitutional rights because the individual Defendants actions resulted from the City's deliberate indifference to a custom, pattern, practice, or policy of allowing its officers and employees to retaliate against individuals for their exercise of their First Amendment rights and/or a deliberately indifferent failure to train, supervise, and discipline officers and employees who engage in such conduct.

### Count V -- Malicious Prosecution

74.    Mr. Novak realleges and incorporates by reference herein each and every allegation and averment contained in each and every Paragraph above as if fully rewritten herein.

75.    Mr. Novak has clearly established rights under the First, Fourth and Fourteenth Amendments to the United States Constitution to be free from unreasonable searches and seizures.

The individual Defendants violated these rights when they initiated criminal proceedings against Mr. Novak in retaliation for Mr. Novak's constitutionally protected speech and in the absence of any probable cause to believe that Mr. Novak had committed a crime.

76.     Defendants herein all acted in concert to initiate criminal proceedings against Mr. Novak.  In fact, the individual Defendants made, influenced, and/or participated in the decision to prosecute Mr. Novak.

77.     The individual Defendants had a complete lack of probable cause to initiate and carry out the criminal prosecution against Mr. Novak.  As a consequence of the legal proceedings, Mr. Novak suffered a deprivation of liberty.

78.     The charges against Mr. Novak were later terminated in his favor.

79.     The individual Defendants pursued this prosecution of Mr. Novak with malice in retaliation for Mr. Novak engaging in constitutionally protected speech, and without probable cause or reasonable basis for believing that Mr. Novak violated Ohio's Disrupting Public Service statute, or that he committed any other crime.

80.     Defendants City of Parma is responsible for the violation of Mr. Novak's constitutional rights because the individual Defendants' actions resulted from the City of Parma's deliberate indifference to a custom, pattern, practice, or policy of allowing its officers and employees to arrest and charge individuals in retaliation for their expressive conduct in exercising their First Amendment rights and./or a deliberately indifferent failure to train, supervise, and discipline its officers and employees who engage in such conduct.

**Count VI – Free Speech Under Ohio Constitution**

81.     Mr. Novak realleges and incorporates by reference herein each and every allegation and averment contained in each and every Paragraph above as if fully rewritten herein.

18

82.     The posting of written content and speech on the internet, and the creation of satirical and/or parody Facebook pages is absolutely protected by Article I, Section 11 to the Ohio Constitution.

83.     The Defendants' actions in investigating, charging, conducting search warrants, and arresting Mr. Novak, in the absence of probable cause that Mr. Novak had committed a crime, constituted unlawful retaliation against Mr. Novak by public officials for engaging in activity protected by Article I, Section 11 to the Ohio Constitution.

84.     The actions of the Defendants described herein violate the rights of Mr. Novak to freedom of expression and freedom of speech as guaranteed by Article I, Section 11 to the Ohio Constitution.

85.     Defendant City of Parma is responsible for the violations of Mr. Novak's constitutional rights because Defendants Riley, Connor, and Dobeck's actions resulted from the City of Parma's deliberate indifference to a custom, pattern, practice, or policy of allowing its officers and law director to investigate, charge, obtain search warrants, and arrest individuals for their protected conduct in the creation of internet content and/or satirical parody Facebook pages and/or a deliberately indifferent failure to train, supervise, and discipline officers and employees who engage in such conduct.

**Count VII – Unreasonable Search and Seizure under Ohio Constitution**

86.     Mr. Novak realleges and incorporates by reference herein each and every allegation and averment contained in each and every Paragraph above as if fully rewritten herein.

87.     Mr. Novak had clearly established rights under Article I, Section 14 of the Ohio Constitution to be free from unreasonable searches of his property and seizures of his person, rights that Defendants violated by engaging in conduct to effectuate Mr. Novak's arrest and search of his

residence and property without probable cause or a reasonable belief that Mr. Novak was committing a crime.

88.     Defendant City of Parma is responsible for the violation of Mr. Novak's constitutional rights because the individual Defendants actions resulted from the City's deliberate indifference to a custom, pattern, practice, or policy of allowing its officers and employees to retaliate against individuals for their exercise of their First Amendment rights and/or a deliberately indifferent failure to train, supervise, and discipline officers and employees who engage in such conduct.

**Count VIII – Conspiracy**

89.     Mr. Novak realleges and incorporates by reference herein each and every allegation and averment contained in each and every Paragraph above as if fully rewritten herein.

90.     Defendants have, under color of law, deprived Mr. Novak of rights, privileges, and immunities secured to him by the United States Constitution including the right to be free from unreasonable searches and seizures under the Fourth Amendment as applied to the States through the Fourteenth Amendment.

91.     The individual Defendants, through concerted action and overt acts, by plan, and with a conspiratorial objective have deprived and continue to deprive Mr. Novak of his constitutional rights.  The Defendants undertook an unlawful course of action, or single plan, to share in their conspiratorial objective to deny Mr. Novak his constitutionally protected rights.

92.     Defendants committed multiple overt acts in investigating, arresting, seizing property, and charging Mr. Novak with a crime, all without adequate probable cause, in violation of his aforementioned constitutional rights.

93.    The individual Defendants have acted maliciously and in concert to injure Mr. Novak.  The actions of the individual Defendants have resulted in actual damages to Mr. Novak.

WHEREFORE, Plaintiff prays for the following relief:

1. That this Court declare Ohio Revised Code § 2909.04(B) unconstitutional;

2. That Plaintiff be awarded compensatory damages in an amount to be determined at trial;

3. That Plaintiff be awarded punitive damages in an amount to be determined at trial;

4. That this Court award Plaintiff reasonable attorney's fees, costs, and disbursement;

5. That this Court award pre and post judgment interest.

6. That this Court award Plaintiff such additional relief as the Court deems proper and just.

Respectfully submitted,

  /s/ Thomas J. Connick
Thomas J. Connick (0070527)
Gary A. Vick, Jr. (0071495)
CONNICK LAW, LLC
25550 Chagrin Blvd., Suite 101
Beachwood, Ohio 44122
PH: (216) 364-0512 | FX: (216) 609-3446
Email: tconnick@connicklawllc.com
         gavickjr@connicklawllc.com

*Attorneys for Plaintiff*

### **JURY DEMAND**

Plaintiff hereby demands a trial by jury.

     /s/ Thomas J. Connick
Thomas J. Connick (0071495)

*Attorney for Plaintiff*