**IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION**

| | | |
|---|---|---|
| **ANTHONY NOVAK,** | ) | **CASE NO.  1:16-cv-02325** |
| | ) | |
| **Plaintiff,** | ) | **JUDGE DAN AARON POLSTER** |
| | ) | |
| **v.** | ) | |
| | ) | **JOINT ANSWER OF DEFENDANTS CITY** |
| **THE CITY OF PARMA, et al.,** | ) | **OF PARMA, KEVIN RILEY, and THOMAS** |
| | ) | **CONNOR** |
| **Defendants.** | ) | |
| | ) | **<u>Jury Demand Endorsed Hereon</u>** |

For their joint answer to plaintiff's complaint, defendants City of Parma, Detective Kevin Riley, and Detective Thomas Connor, through counsel, admit, deny, and aver as follows:

**<u>PARTIES</u>**

1.      Admit that this action is brought pursuant to 42 U.S.C. 1983, but deny each and every other allegation contained in paragraph 1 for want of information sufficient to form a belief as to their truth.

2.      Admit that Mr. Novak created a Facebook back wherein he used images from the City of Parma's Facebook page and that Mr. Novak was arrested and subject to certain searches and seizures made pursuant to search warrants, but deny each and every other allegation contained in paragraph 2 either because they are untrue or for want of information sufficient to form a belief as to their truth.

**<u>JURISDICTION AND VENUE</u>**

3.      Admit the allegations contained in paragraph 3.

4.      Admit the allegations contained in paragraph 4.

**PARTIES**

5.      Deny the allegations contained in paragraph 5 for want of information sufficient to form a belief as to their truth.

6.      Admit the allegations contained in paragraph 6.

7.      Admit the allegations contained in paragraph 7.

8.      Admit the allegations contained in paragraph 8.

9.      Admit the allegations contained in paragraph 9.

**THE FACTS**

10.      Admit the allegations contained in paragraph 10.

11.      Admit the allegations contained in paragraph 11.

12.      Admit the allegations contained in paragraph 12.

13.      Deny the allegations contained in paragraph 13.

14.      Admit that Mr. Novak created a Facebook page that contained certain postings but deny and every other allegation contained in paragraph 14 either because they are untrue or for want of information sufficient to form a belief as to their truth.

15.      Deny the allegations contained in paragraph 15 either because they are untrue or for want of information sufficient to form a belief as to their truth.

16.      Admit that the defendants took certain actions, but deny each and every other allegation contained in paragraph 16 either because they are untrue or for want of information sufficient to form a belief.

17.      Admit that an investigation was conducted and certain actions taken, but deny each and every other allegation contained in paragraph 17 either because they are untrue or for want of information sufficient to form a belief as to their truth.

18.     Admit that the police investigation included obtaining a subpoena and contacting Facebook and that they took certain additional actions, but deny each and every other allegation contained in paragraph 18 either because they are untrue or for want of information sufficient to form a belief as to their truth.

19.     Admit that the police investigation included reviewing the subject Facebook page and creating a report, but deny each and every other allegation contained in paragraph 19 either because they are untrue or for want of information sufficient to form a belief as to their truth.

20.     Admit that during the investigation, it was discovered that Mr. Novak first shared the subject Facebook page, but deny each and every other allegation contained in paragraph 20 either because they are untrue or for want of information sufficient to form a belief as to their truth.

21.     Admit that during the investigation the police took certain actions and that the subject page was removed but deny each and every other allegation contained in paragraph 21 either because they are untrue or for want of information sufficient to form a belief as to their truth.

22.     Admit that a press release was sent regarding the fake Facebook page, but deny each and every other allegation contained in paragraph 22 either because they are untrue or for want of information sufficient to form a belief as to their truth.

23.     Admit that Mr. Dobeck, in his capacity as City Prosecutor, made the initial decision to charge Mr. Novak with violating R.C. §2909.04(B), but deny each and every other allegation contained in paragraph 23 either because they are untrue or for want of information sufficient to form a belief as to their truth.

3

24.     Admit that a search warrant, approved by a Parma Municipal Court judge, was obtained, but deny each and every other allegation contained in paragraph 24 either because they are untrue or for want of information sufficient to form a belief as to their truth.

25.     Admit that an affidavit was used to support the application for the search warrant, but deny each and every other allegation contained in paragraph 25 either because they are untrue or for want of information sufficient to form a belief as to their truth.

26.     Admit that the police obtained information from Facebook and that they took certain actions thereafter but deny each and every other allegation contained in paragraph 26 either because they are untrue or for want of information sufficient to form a belief as to their truth.

27.     Admit that Mr. Novak was arrested and that the police interacted with Mr. Novak but deny each and every other allegation contained in paragraph 27 either because they are untrue or for want of information sufficient to form a belief as to their truth.

28.     Admit that Mr. Novak spent time in jail but deny each and every other allegation contained in paragraph 28 either because they are untrue or for want of information sufficient to form a belief as to their truth.

29.     Admit that a second search warrant, approved by a Parma Municipal Court judge, was obtained by the police, but deny each and every other allegation contained in paragraph 29 either because they are untrue or for want of information sufficient to form a belief as to their truth.

30.     Admit that an affidavit was used to support the search warrant application and that such warrant was used to search Mr. Novak's residence, but deny each and every other

allegation contained in paragraph 30 either because they are untrue or for want of information sufficient to form a belief as to their truth.

31.     Admit that Mr. Novak's roommate in one of the rooms at home when police executed the second search warrant, but deny each and every other allegation contained in paragraph 31 either because they are untrue or for want of information sufficient to form a belief as to their truth.

32.     Admit that several items were taken from Mr. Novak's residence, pursuant to the search warrant, but deny each and every other allegation contained in paragraph 32 either because they are untrue or for want of information sufficient to form a belief as to their truth.

33.     Admit that certain information was disseminated regarding Mr. Novak's arrest, but deny each and every other allegation contained in paragraph 33 either because they are untrue or for want of information sufficient to form a belief as to their truth.

34.     Admit that a third search warrant, approved by a Parma Municipal Court judge, was obtained by police, but deny each and every other allegation contained in paragraph 34 either because they are untrue or for want of information sufficient to form a belief as to their truth.

35.     Deny the allegations contained in paragraph 35 for want of want of information sufficient to form a belief as to their truth.

36.     Admit the allegations contained in paragraph 36.

37.     Deny the allegations contained in paragraph 37 for want of want of information sufficient to form a belief as to their truth.

38.     Deny the allegations contained in paragraph 38 for want of want of information sufficient to form a belief as to their truth.

39.     Admit the allegations contained in paragraph 39.

40.     Admit that Mr. Novak stood trial and was acquitted by the jury, but deny each and every other allegation contained in paragraph 40.

41.     Deny the allegations contained in paragraph 41.

42.     Deny the allegations contained in paragraph 42.

43.     Deny the allegations contained in paragraph 43.

44.     Deny the allegations contained in paragraph 44.

45.     Deny the allegations contained in paragraph 45.

46.     Deny the allegations contained in paragraph 46.

47.     Deny the allegations contained in paragraph 47.

48.     Admit that no defendant has been disciplined but deny each and every allegation contained in paragraph 48.

49.     Deny the allegations contained in paragraph 49.

50.     Deny the allegations contained in paragraph 50.

51.     Deny the allegations contained in paragraph 51.

52.     Deny the allegations contained in paragraph 52.

53.     Deny the allegations contained in paragraph 52 either because they are untrue or for want of information sufficient to form a belief as to their truth.

54.     Deny the allegations contained in paragraph 54.

**Count I – Declaratory Judgment that R.C. §2909.04(B) is Unconstitutional**

55.     Reaver the admissions and denials contained in paragraphs 1 through 54 of this answer in response to paragraph 55.

56.     Deny the allegations contained in paragraph 56.

57.     Deny the allegations contained in paragraph 57.

58.     Deny the allegations contained in paragraph 58.

59.     Deny the allegations contained in paragraph 59.

60.     To the extent paragraph 60 contains allegations requiring a response, such

allegations are denied.

<div align="center">

**Count II – First Amendment Retaliation**

</div>

61.     Reaver the admissions and denials contained in paragraphs 1 through 60 of this

answer in response to paragraph 61.

62.     Deny the allegations contained in paragraph 62.

63.     Deny the allegations contained in paragraph 63.

64.     Deny the allegations contained in paragraph 64.

65.     Deny the allegations contained in paragraph 65.

<div align="center">

**Count III – Unreasonable Search in Violation of the Fourth Amendment**

</div>

66.     Reaver the admissions and denials contained in paragraphs 1 through 65 of this

answer in response to paragraph 66.

67.     Deny the allegations contained in paragraph 67.

68.     Deny the allegations contained in paragraph 68.

69.     Deny the allegations contained in paragraph 69.

<div align="center">

**Count IV – False Arrest and False Imprisonment**

</div>

70.     Reaver the admissions and denials contained in paragraphs 1 through 69 of this

answer in response to paragraph 70.

71.     Deny the allegations contained in paragraph 71.

72.     Deny the allegations contained in paragraph 72.

<div align="center">7</div>

73.     Deny the allegations contained in paragraph 73.

## Count V – Malicious Prosecution

74.     Reaver the admissions and denials contained in paragraphs 1 through 73 of this answer in response to paragraph 74.

75.     Deny the allegations contained in paragraph 75.

76.     Deny the allegations contained in paragraph 76.

77.     Deny the allegations contained in paragraph 77.

78.     Admit the allegations contained in paragraph 78.

79.     Deny the allegations contained in paragraph 79.

80.     Deny the allegations contained in paragraph 80.

## Count VI – Free Speech Under Ohio Constitution

81.     Reaver the admissions and denials contained in paragraphs 1 through 80 of this answer in response to paragraph 81.

82.     Deny the allegations contained in paragraph 82.

83.     Deny the allegations contained in paragraph 83.

84.     Deny the allegations contained in paragraph 84.

85.     Deny the allegations contained in paragraph 85.

## Count VII – Unreasonable Search and Seizure under Ohio Constitution

86.     Reaver the admissions and denials contained in paragraphs 1 through 85 of this answer in response to paragraph 86.

87.     Deny the allegations contained in paragraph 87.

88.     Deny the allegations contained in paragraph 88.

## Count VIII - Conspiracy

89.     Reaver the admissions and denials contained in paragraphs 1 through 88 of this answer in response to paragraph 89.

90.     Deny the allegations contained in paragraph 90.

91.     Deny the allegations contained in paragraph 91.

92.     Deny the allegations contained in paragraph 92.

93.     Deny the allegations contained in paragraph 93.

94.     Each and every other allegation not expressly admitted is denied.

## AFFIRMATIVE DEFENSES

1.     Plaintiff's complaint fails to state a claim upon which relief can be granted.

2.     The defendants are entitled to absolute immunity at common law.

3.     The defendants are entitled to qualified immunity at common law.

4.     The defendants are entitled to immunity under Chapter 2744 of the Ohio Revised Code.

5.     The defendants are entitled to absolute immunity pursuant to 42 U.S.C. §1983 and federal law.

6.     The defendants are entitled to qualified immunity pursuant to 42 U.S.C. §1983 and federal law.

7.     Plaintiff has failed to join all necessary and indispensable parties, including the Ohio Attorney General.

8.     Plaintiff has failed to allege a conspiracy with necessary specificity.

9.     Defendants reserve the right to assert additional affirmative defenses.

WHEREFORE, having fully answered, defendants pray that the plaintiff's complaint against them be dismissed, that judgment be entered in defendants' favor, that defendants be awarded their costs and attorney fees, and that the court award such other relief as may be just and proper.

Respectfully submitted,

s/ Melanie R. Irvin
**D JOHN TRAVIS (0011247)**
**STEVEN D. STRANG (0085444)**
**MELANIE R. IRVIN (0084407)**
GALLAGHER SHARP LLP
Sixth Floor - Bulkley Building
1501 Euclid Avenue
Cleveland, Ohio  44115
(216) 241-5310 (phone)
(216) 241-1608 (fax)
Email:  jtravis@gallaghersharp.com
        sstrang@gallaghersharp.com
        mirvin@gallaghersharp.com
*Counsel for Defendants*

## JURY DEMAND

Defendants demand a trial by jury of this action consisting of the maximum number of

jurors permitted by law.

<div style="margin-left:50%">

s/ Melanie R. Irvin
**D JOHN TRAVIS (0011247)**
**STEVEN D. STRANG (0085444)**
**MELANIE R. IRVIN (0084407)**
GALLAGHER SHARP LLP
Sixth Floor - Bulkley Building
1501 Euclid Avenue
Cleveland, Ohio  44115
(216) 241-5310 (phone)
(216) 241-1608 (fax)
Email:  jtravis@gallaghersharp.com
       sstrang@gallaghersharp.com
       mirvin@gallaghersharp.com
*Counsel for Defendants*

</div>

## CERTIFICATE OF SERVICE

I hereby certify that on November 28, 2016 the foregoing was filed electronically.  Notice of this filing will be sent by operation of the Court's electronic filing system to all parties indicated on the electronic filing receipt.  All other parties will be served by regular U.S. Mail. Parties may access this filing through the Court's system.

s/ Melanie R. Irvin
**D JOHN TRAVIS (0011247)**
**STEVEN D. STRANG (0085444)**
**MELANIE R. IRVIN (0084407)**
GALLAGHER SHARP LLP
*Counsel for Defendants*